## NO APPEAL FROM REFUSAL TO STRIKE CROSS-PETITION FROM THE FILES.

Circuit Court of Cuyahoga County.

THE NATIONAL UNION v. STELLA DE MELLETT.

Decided, January 29, 1906.

*Appeal and Error—Final Order.*

Overruling a motion to strike a cross-petition from the files is not a final order from which an appeal may be taken.

*Burton & Dake,* for plaintiff in error.
*Max J. Pfister* and *Alex. H. Martin,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The plaintiff below, Stella De Mellett, brought her action in the common pleas court against the National Union, to recover on a benefit certificate of said association, claiming as widow of Alphonse De Mellett, a deceased member thereof. The association answered denying that she was the widow of said Alphonse De Mellett and alleging that his membership in said association lapsed during his lifetime by reason of non-payment of dues. Upon application of Victorie Spwekhoff, Louise Wite and Margaret Werner, they were made parties defendant to the action and filed their cross-petition claiming to be entitled to the benefits under the same certificate issued to said Alphonse De Mellett, as his heirs at law.

The National Union thereupon filed its motion asking that said cross-petition be stricken from the files, claiming that the court had no authority to permit said heirs to become parties defendant to the action without its consent. This motion was overruled, whereupon, and before trial of the issues between the parties, plaintiff in error filed its petition in error in this court to reverse the ruling of the common pleas court in refusing to strike said cross-petition from the files.

We hold that this action of the common pleas court was not a final order (as defined in Section 6707, Revised Statutes of Ohio), which in effect determined the action and prevented a judgment. For aught that appears the plaintiff in error may yet succeed in its defense to the action, which is still pending in the common pleas court. The petition in error was prematurely filed and this court is without jurisdiction to entertain it and so it is dismissed. *Holbrook* v. *Connelly*, 6 O. S., 199.